UNITED STATES BANKRUPTCY COURT
DISTRICT OF VERMONT

In re:

    Melissa Willette

          Debtor.

Filed & Entered
On Docket
January 10, 2008

Chapter 13 Case
# 07-10593

### ORDER
### ON DEBTOR'S MOTION TO AVOID LIENS

On October 11, 2007, the Debtor filed a motion (doc. # 13) to avoid four judicial liens, held by the following creditors in the following amounts: LTS Homes ($102,786.95); Burlington Builders ($1,029.01); All Seasons Landscaping ($14,685.50); and S.T. Griswold ($18,903.68) [hereafter referred to as the "lienors"]. S.T. Griswold, Burlington Builders, and LTS Homes opposed the motion (doc. ## 21, 23, 24, respectively), and the Debtor responded to each opposition (doc ## 25, 27, 28). Pursuant to the Order entered on December 21, 2007, the Debtor has subsequently filed (i) a Statement of Facts articulating the basis of each of the liens; (ii) a copy of the All Seasons Landscaping lien; and (iii) a supplement to the motion specifically stating whether the Debtor disputes that the four liens in question were originally filed as Contractor's Liens (doc. # 37). Additionally, Griswold has filed its own supplement to the statement of facts (doc. # 38), Burlington Builders has filed an objection and supplement to the statement of facts (doc # 39), All Seasons has filed a statement of objection (doc. # 40), and LTS Homes has filed a motion for a 2004 examination (doc. # 41).

After considering the record and the pertinent case law, the Court finds that the three liens that were initiated as mechanic's liens are not subject to avoidance. The Debtor's argument that these liens became judicial liens when enforced through the courts is without merit, based upon longstanding case law in this district.

> While a contractor's lien *arises* and *exists* independently of any judicial process, if the lienholder wants the lien to remain in effect, he must, within three months from the filing of the memorandum or from when payment was due, attach the property by commencing a lawsuit against the owner to enforce the lien. 9 V.S.A. § 1924. Obtaining a judicial order for a writ of attachment within the three month period prescribed under § 1924 perfects the lien and "is a requisite to *preserving* the statutory lien." Filter Equip. Co., Inc. v. I.B.M. Corp., 142 Vt. 499, 503, 458 A.2d 1091, 1092 (1983) (emphasis added). The failure to perfect a recorded notice of lien by obtaining a writ of attachment means the lien is lost. Goodro, 112 Vt. at 216, 22 A.2d at 511.

> Appellant argues that since "judicial process is a precondition to the finality of a contractor's lien," it "is inchoate until a final judgment has been rendered" and therefore it is a judicial lien. Appellant's Brief at 8-9. This argument lacks merit; the Bankruptcy

Code categorizes a lien by the way it is *established,* not by how it is preserved. A statutory lien is a lien "arising" because of "specified circumstances or conditions" laid out in the statute. 11 U.S.C. § 101(47). Characterizing a contractor's lien as "inchoate" before a writ of attachment is obtained does not change the fact that it exists. "The result of a judicial process does not affect the statutory being of a contractors' lien. The obtaining of a writ of attachment to perfect a statutory lien, although judicial in nature, is just another statutory step from inchoateness to perfection." Town of Colchester v. Hinesburg Sand and Gravel, Inc. (In re APC Construction, Inc.), 112 B.R. 89 (Bankr.D.Vt.1990).

In re APC Construction, Inc., 132 B.R 690, 694 (D. Vt. 1991). Accord In re Ahokas 361 B. R. 54 (Bankr. D. Vt. 2007).

By contrast, there is nothing in the record to indicate that the lien of Burlington Builders was created as a mechanic's lien. See exhibit 2 to doc. # 13. Therefore, the Court must conclude that it is a judicial lien and hence avoidable.[1] Based upon the Debtor's allegations and the record created by all filings related to this motion, the Court finds that the Debtor has demonstrated grounds to avoid this lien under 11 U.S.C. § 522(f).

Therefore, IT IS HEREBY ORDERED that the lien of Burlington Builders is avoided under § 522(f) and the Debtor's motion is granted to that extent.

IT IS FURTHER ORDERED that the liens of LTS Homes, All Season's Landscaping, and S.T. Griswold are not vulnerable to avoidance under § 522(f) and the Debtor's motion is denied to the extent she seeks to avoid these liens.

_____
January 10, 2008                               Colleen A. Brown
Rutland, Vermont                         United States Bankruptcy Judge

---

[1] The Court notes that this lienor has chosen to proceed without counsel in this case. In its most recent filing (doc. # 39) Burlington Builders stated "We have no idea if our Lien is Judicial or Statutory, we are not lawyers, but would assume we have a judicial lien, simply on the fact that we have a judgment perfecting this Lien." The Court does not treat this as an admission, but rather relies upon the record before it in reaching its conclusion that the lien is not statutory.