*Formatted for Electronic Distribution*                                    *Not for Publication*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF VERMONT

_____

In re:

**Melissa Willette,**
               **Debtor.**

Filed & Entered
On Docket
July 3, 2008

**Chapter 13 Case**
**# 07-10593**

_____

### ORDER
### DIRECTING PARTIES TO FILE SUPPLEMENTAL MEMORANDA OF LAW
### ON UNIQUE POINT OF VERMONT FORECLOSURE LAW,
### SETTING SCHEDULE FOR BRIEFING AND ORAL ARGUMENT,
### AND POSTPONING CONFIRMATION HEARING

WHEREAS certain creditors who claimed to have rights arising from contractors' liens against the Debtor's real property, raised several issues in this case, including the validity of their liens, the accuracy of the Debtor's schedules, and the propriety of several entries on the Debtor's "means test form;" and

WHEREAS, as of May, 9, 2008, all open issues in this case were resolved except the question of whether the Debtor's inclusion of a mortgage payment as a monthly obligation on a secured debt, on her means test form, was proper; and

WHEREAS the parties have filed memoranda to address this issue, to wit,  on May  13,  2008,  the Debtor filed a memorandum of law (doc. # 110); on May 21, 2008, LTS Homes, Inc. and S.T. Griswold & Company, Inc. (the "Creditors") filed a joint response to the Debtor's memorandum (doc. # 111); and on May 23, 2008, the Debtor filed a supplemental memorandum of law (doc. # 113); and

WHEREAS these most recent filings lead the Court to frame the issues presented as follows:

1. what interest did the Debtor have in the subject real property at the time she filed her bankruptcy case, in light of the following undisputed facts: (i) a judgment of foreclosure was entered prior to the filing of this bankruptcy case and the time for the Debtor and her spouse to redeem expired on June 25, 2007; (ii) a certificate of non-redemption with reference to the Debtor was entered on July 9, 2007; (iii) the Debtor did not file the instant bankruptcy case until approximately two months later, on September 7, 2007; and (iv) the sale of the property subject to the foreclosure judgment did not occur until after the bankruptcy case was filed; and

2. may the Debtor include the amortized payment on the mortgage as part of her expenses on the means test form, for purposes of computing her projected disposable income and plan payment, when the Debtor consented to relief from stay prior to filing a plan that met the criteria for confirmation?

WHEREAS the plan presently before the Court cannot be evaluated against the standards for confirmation until a determination is made on these two issues, and the confirmation hearing is currently set for July 24, 2008; and

WHEREAS neither party has briefed the impact of Vermont state law governing foreclosure sales and mortgagors' right to redeem, and in particular, whether a mortgagor retains the right to redeem, and hence has an interest in the property, through the date of sale, notwithstanding the prior issuance of a certificate of non-redemption; and

WHEREAS this case appears to present a question of first impression with respect to these issues.

THEREFORE, THE COURT FINDS that it is appropriate to require the Debtor, the Chapter 13 Trustee, and the Creditors to file supplemental memoranda of law to address the question of what interest, if any, the Debtor had in the subject property on the date she filed her bankruptcy petition.

ACCORDINGLY, IT IS HEREBY ORDERED that the Debtor, and any other party in interest asserting that the Debtor retained an interest in the subject real property as of the date the Debtor filed this bankruptcy case, file a memorandum of law specifically articulating and supporting their position, by July 18, 2008; and

IT IS FURTHER ORDERED that the Creditors, and any other party in interest asserting that the Debtor did not have any interest in the subject real property as of the date the Debtor filed this bankruptcy case, file a memorandum of law specifically articulating and supporting their position, by July 28, 2008; and

IT IS FURTHER ORDERED that any reply memoranda be filed by August 4, 2008; and

IT IS FURTHER ORDERED that the confirmation hearing in this case is postponed from July 24, 2008 to August 14, 2008 at 3:30 P.M. and that the Debtor, the Chapter 13 Trustee, the Creditors, and any other party that filed a memorandum on this issue be prepared to present oral argument at that time.

SO ORDERED.

July 2, 2008                                          Colleen A. Brown
Rutland, Vermont                                     United States Bankruptcy Judge